# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT L. SIMMONS,
Plaintiff,

vs.

RODNEY MCMULLEN, et al.,
Defendants.

Case No. 1:20-cv-001
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Covington, Kentucky, brings this pro se civil rights action against Rodney McMullen, the CEO of Kroger's, and Timothy A. Massa, the Senior V.P. of Kroger's Human Resources. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S.

2

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

The pro se complaint states that on December 9, 2019, plaintiff and his roommate, Christy Stanfield, went to a Kroger's store in Fort Mitchell, Kentucky. Plaintiff alleges that he requested two slices of pizza from the hot food area from an employee named Susan, and the employee ignored him. However, when Ms. Stanfield requested slices of pizza, the employee retrieved the pizza for them. Plaintiff also made a request for fried chicken, to which the employee responded by pointing to a display across the store and stating, "There's chicken over there." (Doc. 1-1 at 5, Complaint). Plaintiff asked why the employee was sending him to the other side of the store when there was chicken in the case in front of him, but the employee ignored him. Plaintiff concluded that the employee did not want to wait on him. Plaintiff spoke to a manager to complain about the employee's behavior and refusal to wait on him. Plaintiff told the manager that "maybe Kroger's built this store for a particular group of people because if they hired (Susan) then she made it clear that I'm not wanted here." (*Id.*). The manager advised plaintiff that he would take care of it and told plaintiff not to call the corporate office. Plaintiff alleges these actions constitute racial discrimination and violated his equal protection and due process rights under the Fourteenth Amendment. Plaintiff seek monetary and injunctive relief.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

Plaintiff's complaint fails to state a claim for discrimination under the United States Constitution pursuant to 42 U.S.C. § 1983. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff alleges a violation of his equal protection and due process rights. However, his claims cannot proceed because there is no state action as required under § 1983. As explained by one court in a similar case:

> One possible statute, 42 U.S.C. § 1983, provides a cause of action for denial of equal protection under the Fourteenth Amendment against state government officials. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). The [defendant] is a private party, not a government entity. A private party may be held liable under § 1983 only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974). There are no facts in the Complaint to suggest that in this case, the [defendant] could be sued as a government entity under § 1983.

*Moore v. Horseshoe Casino*, No. 1:15 CV 471, 2015 WL 4743804, at *2 (N.D. Ohio Aug. 11, 2015). Likewise, plaintiff in this case has failed to allege conduct that could plausibly be characterized as state action. Therefore, his § 1983 constitutional claims should be dismissed.

To the extent plaintiff may seek to bring a claim under 42 U.S.C. § 1981, which prohibits intentional racial discrimination by both public and private actors in the context of contractual relationships, the complaint fails to state a claim for relief. To state a claim for relief under § 1981 in the non-employment context, plaintiff must allege facts showing that: (1) he belongs to a protected class of persons who are subject to discrimination on the basis of their race; (2) he sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) he

4

was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" in that (a) he "was deprived of services while similarly situated persons outside the protected class were not" or (b) he was treated in a "markedly hostile manner" and in a manner that a reasonable person would find "objectively discriminatory." *Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001). Plaintiff's complaint does not allege his race or the race of his roommate, who was allegedly served by the Kroger's employee. Therefore, plaintiff does not satisfy the first and third prongs of a § 1981 claim, and the complaint fails to state a plausible claim for relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's claims be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/6/20

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT L. SIMMONS,
Plaintiff,

vs.

RODNEY MCMULLEN, et al.,
Defendants.

Case No. 1:20-cv-001
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).